IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ILISHA HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-00411-DGK |
| CEDARHURST SENIOR LIVING, LLC, | ) ) ) |
| Defendant. | ) |

## ORDER DENYING MOTIONS

This is an employment case. Plaintiff Ilisha Harris worked in various roles at a senior living facility that was owned and operated by Defendant Cedarhurst Senior Living, LLC. While working there, Plaintiff allegedly suffered racial discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 2000. On June 4, 2025, Plaintiff filed a two-count discrimination and retaliation lawsuit that includes a jury demand.

Now before the Court are: (1) Defendant's Motion to Strike Plaintiff's Jury Demand, ECF No. 6; and (2) Plaintiff's Motion for Limited Discovery and an Extension of Time to Respond to Defendant's Motion to Strike, ECF No. 10.

Under Federal Rule of Civil Procedure 12(f), the Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While the Court "enjoy[s] liberal discretion to strike pleadings under Rule 12(f)," the Eighth Circuit has repeatedly warned that "[s]triking a party's pleading, however, is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); *see also Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091–92 (8th Cir. 2021). The Eighth Circuit has also observed that "this remedy is drastic and often is sought by the movant simply as a dilatory or harassing tactic." *Donelson*, 999 F.3d at 1091–92 (internal quotations omitted).

Defendant's motion does not even cite this standard, let alone meet it. On the current record, Defendant has not shown that the jury demand should be stricken under the multi-factor test for determining whether a contractual jury waiver should be upheld. And rather than allowing the parties to conduct limited discovery on this single issue and brief it further right now, the Court finds that it would be more efficient for the parties to conduct discovery on this issue during the general discovery period and then brief the issue later in the case. *See Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991) ("Motions to strike are generally disfavored because they are often interposed to create a delay . . . . If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment.").

For these reasons, the motions are DENIED.

**IT IS SO ORDERED.**

Date: September 5, 2025          /s/ Greg Kays
                                 GREG KAYS, JUDGE
                                 UNITED STATES DISTRICT COURT